NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 7 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MING ZHEN LIN,<br><br>           Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>           Respondent. | No.   20-73030<br><br>Agency No. A212-980-668<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2021**
San Francisco, California

Before: THOMAS and McKEOWN, Circuit Judges, and MOLLOY,*** District Judge.

Ming Zhen Lin, a native and citizen of China, petitions for review of a

decision by the Board of Immigration Appeals ("BIA") affirming the denial by an

---

\*　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*　　The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

immigration judge ("IJ") of his application for asylum.[1]  We review the agency's "legal conclusions de novo and its factual findings for substantial evidence." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (citations omitted).  We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

Substantial evidence supports the agency's adverse credibility determination.  The record adequately supports the agency's conclusion that Lin's testimony regarding his trip to Japan was implausible, given that Lin was unable to recall any details about the voyage.  *See Singh-Kaur v. INS*, 183 F.3d 1147, 1152–53 (9th Cir. 1999) (concluding that vague and implausible testimony supported adverse credibility determination).  In addition, the agency permissibly relied upon inconsistencies between Lin's testimony and his corroborating documents.  *Manes v. Sessions*, 875 F.3d 1261, 1264 (9th Cir. 2017) (per curiam).  Lin's description of the injuries he suffered at the hands of the police is contradicted by his medical treatment records, and his testimony that his wife is not a Christian is contradicted by her letter.

---

[1] Lin's opening brief does not address the agency's denial of his applications for withholding and protection under CAT, thus waiving any challenge to those applications.  *Jin v. Holder*, 748 F.3d 959, 964 n.2 (9th Cir. 2014).

In the absence of credible testimony, Lin failed to establish that he is eligible for asylum. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

**PETITION DENIED.**